UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD RICE,
    Plaintiff,

v.

MICHAEL J. McDONALD, et al.,
    Defendants.

No. 3:21-cv-1563 (SRU)

## INITIAL REVIEW ORDER

Plaintiff, Richard Rice ("Rice"), formerly incarcerated, filed this complaint *pro se* under 42 U.S.C. § 1983 against three defendants: Nurses Michael J. McDonald ("McDonald"), Sarah H. Trickett ("Trickett"), and Elizabeth M. Barnes ("Barnes"). Rice contends that the defendants were deliberately indifferent to his serious medical need. Rice seeks damages from the defendants in their individual capacities. Rice's complaint was received on November 24, 2021, and his motion to proceed *in forma pauperis* was granted on December 1, 2021. For the reasons that follow, I dismiss Rice's complaint.

**I.**    **Allegations**

The incidents underlying the complaint occurred while Rice was incarcerated at Corrigan-Radgowski Correctional Center, the correctional facility where he alleges all three defendants worked.

On September 17, 2018, Rice was experiencing sharp chest pain and difficulty breathing. Doc. No. 1 at 5 ¶ 3. At about 4:00 A.M., Rice asked the correctional officer on duty to call the medical unit for emergency treatment. *Id.* McDonald examined Rice and checked his vital signs. *Id.* at 5 ¶ 4. He gave Rice ibuprofen, said there was nothing wrong with Rice's breathing, and instructed him to get some sleep. *Id.*

When Rice awoke at about 1:30 P.M., he felt worse. *Id.* at 5 ¶ 5. He was taken to the medical unit and seen by Trickett. *Id.* at 5 ¶ 6. After Rice explained his symptoms, Trickett checked his vital signs, gave him ibuprofen, told him there was nothing wrong, and sent him back to his housing unit. *Id.* Rice, however, was still experiencing pain. *Id.*

Three months later, on December 24, 2018, Rice's chest pains returned. *Id.* at 6 ¶ 7. He was brought to the medical unit and described his symptoms to Barnes. *Id.* Barnes checked Rice's vital signs and said there was nothing wrong with him. *Id.* at 6 ¶ 8. She told Rice that if he returned to the medical unit complaining about chest pain and difficulty breathing, he would receive a disciplinary report. *Id.* Again, Rice returned to his unit while allegedly continuing to experience chest pain and difficulty breathing. *Id.*

On January 3, 2019, Rice's pain worsened. *Id.* at 6 ¶ 11. He returned to the medical unit with complaints of chest pain, difficulty breathing, and blood in his urine. *Id.* Nurse Jennifer Scanlon checked his vital signs and Rice returned to his housing unit. *Id.* at 7 ¶ 12. Later that day, Rice was called to the medical unit and transferred to an outside hospital, where he underwent a battery of tests. *Id.* at 7 ¶¶ 13-14.

A cardiologist told Rice that his heart was surrounded by water and that he got to the hospital just in time. *Id.* ¶ 15. Rice remained in the hospital for three days. *Id.* at 7 ¶ 16. Since his release he has been prescribed colchicine, a medication also used to treat gout. *Id.* at 7 ¶ 17.

**II.      Standard of Review**

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies both when the

2

plaintiff pays the filing fee and when he proceeds *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

### III.    Analysis

#### A. Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA") requires that a plaintiff must "exhaust such administrative remedies as are available" prior to bringing a civil suit challenging prison conditions. *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)). Because Rice was incarcerated in a Connecticut correctional facility, the administrative remedies available to him for resolving administrative issues are provided by the Connecticut Administrative Directives, written guidelines that establish "the parameters of operation for Connecticut correctional facilities." *Nicholson v. Murphy*, No. 02-CV-1815 (MRK), 2003 WL 22909876, at *7 n.2 (D. Conn. Sept. 19, 2003).

Rice alleges that he filed a grievance on February 28, 2019, but details are sparse. Doc. 1 at 9 ¶ 23. Because it is not clear whether he was able to timely file grievances, whether he exhausted administrative remedies, or whether an exception to the exhaustion requirement applies, dismissal for failure to exhaust administrative remedies would be premature at this stage of the proceedings. *See, e.g.*, *Ross*, 578 U.S. at 643-44 (discussing various exceptions to the exhaustion requirement).

B. <u>The Merits</u>

Rice asserts a federal law claim for deliberate indifference to serious medical needs and a state law claim for medical malpractice.

1. *Eighth Amendment Deliberate Indifference to Medical Needs*

Rice does not indicate whether he was a sentenced prisoner or pretrial detainee at the time of the incident. However, records available on the Department of Correction website show that he was last admitted to custody on July 7, 2008 and is currently serving a period of special parole. *See* ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=137358. The court assumes, therefore, that Rice was a sentenced prisoner in 2018-19, and his deliberate indifference claim is cognizable under the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of sentenced prisoners are considered under the Eighth Amendment).

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for deliberate indifference to a serious medical need, Rice must allege facts showing both that his need was serious, and that the defendants acted with a sufficiently culpable state of

mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

There are both objective and subjective components to the deliberate indifference standard. Objectively, the alleged deprivation must be "sufficiently serious." *Spavone*, 719 F.3d at 138. A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that is capable of causing death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Rice's condition was sufficiently serious to survive scrutiny at this stage of the proceedings. He was treated at the hospital for pericardial effusion. Doc. No. 1-1 at 9. He alleges that the cardiologist told him that, at the time of his admission, his condition was very serious. Thus, the Court assumes for purposes of initial review that Rice had a serious medical need.

The defendants also must have been "subjectively reckless," and Rice does not sufficiently allege that they were. *Spavone*, 719 F.3d at 138. The defendants must have been

actually aware of a substantial risk that Rice would suffer serious harm as a result of their actions or inactions. They "need only be aware of the risk of harm, not intend harm," which can "be proven 'from the very fact that the risk was obvious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). But neither "an official's failure to alleviate a significant risk that he should have perceived but did not," *Farmer*, 511 U.S. at 838, nor a disagreement over the treatment provided, *see Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)), constitute deliberate indifference.

To meet the second component of the deliberate indifference test, Rice must allege facts showing that each defendant was aware of a serious risk of harm but did nothing. Rice saw each nurse only once. He saw defendants McDonald and Trickett on September 18, 2018, and defendant Barnes on December 24, 2018. They each appeared to have taken his complaints of chest pain seriously, checking his vital signs and listening to his breathing. After McDonald and Trickett saw no problems with Rice's breathing, they gave him ibuprofen for his pain. Although Rice alleges that he was still in pain each time he left the medical unit on September 18, 2018, the pain apparently subsided, because he alleges that the pain did not return for three months. Doc. No. 1 at 6 ¶ 7. On the facts Rice alleges, it is not obvious that McDonald nor Trickett were aware of the gravity of Rice's condition and acted with indifference.

Barnes's examination is alleged to be more cursory and, presumably based on his prior visits, she accused Rice of manufacturing his symptoms, but Rice still does not allege facts showing that she was more than negligent in failing to investigate possible sources of his pain. Negligence could support a claim for medical malpractice, but it does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003)

("Deliberate indifference describes a mental state more blameworthy than negligence. . . .") (cleaned up).

Rice also complains that he has been prescribed colchicine, which he claims is inappropriate because it is used to treat gout—an illness he does not have. But "[i]t has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment. . . . [T]he essential test is one of medical necessity and not one simply of desirability." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (cleaned up). And the record indicates that the treatment Rice received substantially improved his discomfort. *E.g.*, Doc. No. 1-1 at 40 (noting treatment with colchicine and ibuprofen, and "substantial improvement" in his symptoms).

In sum, the allegations fail to show that the defendants were aware of a serious risk of harm through their actions or inactions. Although Rice's allegations may suffice to support a claim for medical malpractice under state law, which must satisfy a lower negligence standard, they do not rise to the level of deliberate indifference to a serious medical need. The deliberate indifference claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In addition, McDonald and Trickett each saw Rice only once, on September 18, 2018. The limitations period for filing a section 1983 action in Connecticut is three years. *Thompson v. Rovella*, 734 F. App'x 787, 788-89 (2d Cir. 2018); *see also Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (analyzing available state limitations periods and determining that appropriate limitations period for section 1983 actions filed in Connecticut is three years). Rice signed his complaint on November 7, 2021 and filed it on November 24, 2021. Thus, the complaint was filed about two months too late. The federal claims against McDonald and Trickett also are dismissed as time-barred.

The federal claim for deliberate indifference to a serious medical need is **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

2. *State Law Negligence*

Because the federal claim has been dismissed, the Court declines to exercise supplemental jurisdiction over Rice's state malpractice claim. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *see* 28 U.S.C. § 1367(c)(3) (stating that if federal court dismissed all federal claims, it should decline to exercise supplemental jurisdiction over supplemental state law claims); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (citing cases). Rice may pursue that claim in state court.

IV. **Conclusion**

The federal claim for deliberate indifference to a serious medical need is **dismissed** under 28 U.S.C. § 1915A(b)(1) **with prejudice**.

Rice's motion for appointment of counsel [**Doc. No. 4**] is **denied** as moot.

The Clerk is directed to close this case and enter judgment in favor of the defendants.

So ordered.

Dated at Bridgeport, Connecticut, this 13th day of January 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge